## HERBERT V. CAMP, JR. *v.* UNION MANUFACTURING COMPANY ET AL.
### (6007)

DALY, O'CONNELL and NORCOTT, Js.
Argued October 12—decision released November 8, 1988

*Herbert V. Camp, Jr.,* pro se, the appellant (plaintiff).

*Ralph G. Elliot,* with whom, on the brief, was *Jeremy H. Greshin,* for the appellees (defendant Herbert E. Carlson et al.).

*George C. Hastings,* for the appellee (defendant Walter F. Skillin).

*J. Read Murphy,* for the appellee (defendant Union Manufacturing Company).

*Jacob Wieselman,* with whom, on the brief, were *Matthew Horowitz* and *David C. Evans,* for the appellees (nondefendant shareholders).

*Henry W. O'Brien,* for the appellee (defendant Charles Moore, Jr.).

PER CURIAM. The plaintiff, a minority shareholder of the named defendant, the Union Manufacturing Company, brought a derivative action against Union Manufacturing Company and several of its officers and directors. A settlement was negotiated by the attorneys for the shareholders, but the plaintiff would not agree to it. The settlement went to the trial court for approval, as required by General Statutes § 52-572j, and, after a lengthy examination of the settlement by the court, it was approved. On appeal, the plaintiff

claims that the trial court erred in approving the settlement. We disagree.

Section 52-572j does not require the assent of each individual shareholder in order for a settlement to be approved by the court. Moreover, the cause of action in a derivative suit belongs to the corporation, not to the nominal plaintiff. We find it persuasive that the federal courts that have considered this issue have held that the assent of the nominal plaintiff is not essential to the settlement. See *Saylor* v. *Lindsley,* 456 F.2d 896, 899 (2d Cir. 1972); *Bryan* v. *Pittsburgh Plate Glass Co.,* 494 F.2d 799, 803 (3d Cir.), cert. denied, 419 U.S. 900, 95 S. Ct. 184, 42 L. Ed. 2d 146 (1974); *Flinn* v. *FMC Corporation,* 528 F.2d 1169, 1174 (4th Cir. 1975), cert. denied, 424 U.S. 967, 96 S. Ct. 1462, 47 L. Ed. 2d 734 (1976); *Pettway* v. *American Cast Iron Pipe Co.,* 576 F.2d 1157, 1216 (5th Cir. 1978), cert. denied, 439 U.S. 1115, 99 S. Ct. 1020, 59 L. Ed. 2d 74 (1979). We have reviewed the evidence and conclude that the trial court did not abuse its discretion in finding that the settlement was fair, reasonable and adequate. See *Weinberger* v. *Kendrick,* 698 F.2d 61, 73 (2d Cir. 1982), cert. denied, 464 U.S. 818, 104 S. Ct. 77, 78 L. Ed. 2d 89 (1983).

There is no error.